DECISION
This matter came before the Court on an appeal from the Probate Court of the City of Pawtucket from a decision rendered on September 10, 1992. The simple issue to be decided by this Court is whether or not the devise in the Second Clause of the Last Will and Testament of William Vazac lapsed because the designated devisee, Barbara Klausen, predeceased the Testator.
The Testator died on April 16, 1990. Barbara Klausen died before that date and left three heirs at law: Barbara J. Quirk, Judy Wiersema, and Shirley Cristi. Although it appears that the phrase, "to her and her heirs forever" are words of substitution rather than words of limitation, Section 33-6-19 of the General Laws of Rhode Island, 1956, as amended, removes all doubt as to the Testator's dispositive intent. The claim of Joseph Vazac that the instant devise was that of a determinable estate and, therefore, not subject to the provision of the Anti-Lapse Statute is without merit.
The Court agrees with the position of the heirs-at-law of Barbara Klausen that the plaintiff, Joseph Vazac, has misconstrued the meaning of "determinable" as set forth in the Rhode Island General Laws § 33-6-19. This statute refers to an estate or interest not determinable at or before the death of such person (i.e. Barbara Klausen). The fee simple devise contained in the Last Will and Testament of William Vazac is not subject to any special limitation and, therefore, is not a fee simple determinable.
Therefore, by virtue of what appears to be the clear intent of the Testator and also by virtue of the Anti-Lapse Statute (33-6-19), the Court finds that the heirs of Barbara Klausen are entitled to take the real estate (or the proceeds of its sale) described in the Second Clause of the Last Will and Testament of William Vazac.
The decision of the Probate Court of the City of Pawtucket rendered on September 10, 1992 is affirmed.
_______________________________________ Associate Justice of the Superior Court
Dated: January 5, 1995